GONZALEZ & LEIGH, LLP
MATT GONZALEZ (SBN 153486)
G. WHITNEY LEIGH (SBN 153457)
BRYAN W. VERESCHAGIN (SBN 188608)
MATT SPRINGMAN (SBN 252508)
GONZALEZ & LEIGH, LLP
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone: (415) 512-2000
Facsimile: (415) 512-2001

Attorneys for Plaintiff
NATASHA BURTON

**GRANTED**
*Judge James Ware*
8/6/2008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 08-01213 JW, C 08-01214 RMW

| | |
|---|---|
| NATASHA BURTON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN JOSE; ROBERT DAVIS in his capacity as CHIEF OF POLICE OF THE CITY OF SAN JOSE; OFFICER SHAWN ROCHA; OFFICER ERIC KURZ; OFFICER CHRIS HARDIN; OFFICER CHRIS CRUZADO; and DOES 1 THROUGH 75, individually and in their official capacities as employees of the CITY OF SAN JOSE and the SAN JOSE POLICE DEPARTMENT; and DOES 76-100 individually, inclusive,<br><br>Defendants. | **CASE NO. C08-01215** JF<br>**ORDER GRANTING**<br>**PLAINTIFF'S ADMINISTRASTIVE MOTION TO CONSIDER WHETHER THE PRESENT CASE SHOULD BE RELATED TO THE FOLLOWING CASES:**<br><br>(1) *Powell v. City of San Jose, et al.*, Case No. 08-1213 JW<br><br>(2) *Henderson v. City of San Jose, et al.*, Case No. 08-1214 RMW |

Pursuant to Local Rules 3-12 and 7-11, Plaintiff Natasha Burton hereby requests that the Court consider relating the present case with two related cases identified above. All three cases were filed in this court simultaneously and the Plaintiff in the present case, Natasha Burton, as well as the Plaintiffs in the cases under consideration, Sherretta Henderson and Barbara Powell are represented by Gonzalez & Leigh, LLP, 2 Shaw Alley, 3rd Floor, San Francisco, CA 94105.

1

## I. CASES UNDER CONSIDERATION

A. *Powell v. City of San Jose, et al.*, Case No. 08-1213 HRL

[U.S. magistrate declined, currently assigned to the Hon. James Ware, U.S. District Judge];

B. *Henderson v. City of San Jose, et al.*, Case No. 08-1214 PVT

[U.S. magistrate declined, currently assigned to the Hon. Ronald Whyte, U.S. District Judge];

C. *Burton v. City of San Jose, et al.*, Case No. 08-1215 HRL

[U.S. magistrate declined, currently assigned to the Hon. Jeremy Fogel, U.S. District Judge]

## II. FACTUAL BACKGROUND

On the night of February 28, 2006, all three plaintiffs above, Natasha Burton, Barbara Powell, and Sherretta Henderson and several other of Plaintiffs' friends, attended the "Mardi Gras" festivities in downtown San Jose. None of the females consumed any alcoholic beverages or illegal drugs on the night in question

After the Plaintiffs and their friends left a burrito shop between First and Second Streets in San Jose, they decided to walk home. At the time, however, they were routed North by police on either Third or Fourth Streets and prevented from returning directly to their campus residences. The Plaintiffs and her friends obeyed the orders of the police and headed North, eventually turning East on St. John. After removing themselves from the crowd, they turned South on Fifth Street in another attempt to return home to their residences.

While walking South on Fifth Street, an officer on horseback began to harass one of the group, Kimberly Larry [not a plaintiff in any case under consideration], by repeatedly pushing Ms. Larry along with her horse – this despite the fact that Ms. Larry was obeying the officer's orders to move down Fifth Street. Upset by the harassment at the hands of the officer on horseback, Ms. Larry eventually approached several officers located near the corner of Fifth and

//

1 Santa Clara to complain about the treatment and obtain the name and badge number of the harassing officer. The police officers told her simply to "keep walking."

Following the officer's order, Ms. Larry proceeded to take a path through City Hall property towards San Fernando Street which led directly back to her residence on the campus of San Jose State. At the time, no officers attempted to stop Ms. Larry from walking in that direction. While Ms. Larry was talking to the officers, the rest of the group, including the Plaintiffs, remained close to Ms. Larry, near the sidewalk. However, at some point shortly after Ms. Larry walked ahead of the group to return home, the group was told by an unknown officer to "go get your friend [Ms. Larry], she can't walk that way."

At that point, Natasha Burton [*Burton v. City of San Jose, et al.*, Case No. 08-1215 HRL], following the request of the officers, moved towards Ms. Larry and called out to her in an attempt to retrieve their friend and direct her to walk around City Hall, instead of cutting through City Hall property which led back to campus. Ms. Burton was subsequently tackled to the ground and had her head slammed to the pavement by two other officer defendants in her case. Ms. Burton was subsequently handcuffed by another officer defendant. The officer defendant placed the handcuffs extremely tightly around her wrists, causing her wrists to swell and turn red. Simultaneously, the remaining group, including Plaintiffs Barbara Powell and Sherretta Henderson, followed the orders of another officer and began to move away from City hall, east towards Sixth Street.

While following police orders to move east towards Sixth Street, Sherretta Henderson [*Henderson v. City of San Jose, et al.*, Case No. 08-1214 PVT] a defendant officer struck her brutally in the lower leg with his baton. Then, despite her clear attempt to remove herself, another defendant officer raised his baton over his head, increased his speed, and again brutally struck Ms. Henderson in the back.

Barbara Powell [*Powell v. City of San Jose, et al.*, Case No. 08-1213 HRL], also following orders to move east toward Sixth Street, was unnecessarily pepper-sprayed by a defendant officer. The pepper spray caused severe burning in her eyes.

All three incidents occurred within seconds of each other at the same intersection, 5th and Santa Clara Steets in San Jose.

### III.     STATEMENT ON RELATIONSHIP BETWEEN CASES

**A.     All three cases concern substantially the same parties and events**

Plaintiff believes that the above cases meet the criteria for related cases, and requests that the Court consider the cases related for the following reasons:

(1) All three of the incidents that led to the filing of the above cases occurred contemporaneous to each other in time (same night, within seconds of each other) and place (same corner, within feet).

(2) All defendants are police officers employed by the City of San Jose and acted in concert to assault and batter Plaintiffs, Ms. Burton, Ms. Henderson, and Ms. Powell.

(3) The San Jose Police department treated all three cases as arising out of the same facts and circumstances, designating one file number for all police reports and use-of-force reports (File No. 06-060-0030).

(4) All facts and circumstances leading to the incidents that form the basis of each lawsuit are identical, and involve the same percipient witnesses.

In light of the above, Plaintiff submits to the Court that the cases under consideration involve the same parties and events under Local Rule 3-12(a)(1).

**B.     Litigation of these case separately would lead to unduly duplicative labor and expense for all parties**

Given that all three cases presented here for consideration involve the same percipient witnesses (i.e. officers in and around the area of City Hall at around midnight on the night in question, about 15-18 officers in this case) the potential for duplicative discovery is high. Both at deposition and at trial, all percipient officers, as well other percipient witnesses will likely appear on all three cases and testify to the same facts. Such duplicative appearances and testimony is unnecessary and would lead to untold unnecessary labor and expense to all parties involved.

1     Additionally, the relevant police reports and use-of-force reports for each case, and the
2 information all parties would rely on for their claims and defenses are substantially similar.
3 Indeed, the San Jose Police Department treats all three of the underlying incidents as one,
4 designating one case number for all incident reports and use-of-force reports related to the above
5 cases. Moreover, all Rule 26 initial disclosures in all of the cases, as well as all discovery
6 requests from any plaintiff to any defendant for relevant documents would, in each case, amount
7 to duplicative document productions. And, given the nature of facts in each of the cases above,
8 and the uncomplicated nature of the litigation, any discovery relating exclusively to any plaintiff
9 or any defendant would be negligible.

10     Finally, in light of the fact that all cases (1) initially arose from the police harassment of
11 Plaintiffs' companion that night, (2) all officer defendants acted in concert to assault and batter
12 Plaintiffs in their attempt to remove them from the area, and (3) all facts leading up to the
13 individual assaults on each of the plaintiff's are identical, the potential for conflicting factual
14 findings, conflicting rulings, both in discovery and at trial, and disparate outcomes if the cases
15 remain separate, are great.

16     In light of the above, Plaintiff submits to the Court that litigating these cases separately
17 would result in unduly burdensome duplication of labor and expense, and potentially conflicting
18 results if the cases are conducted before different judges.

19     Plaintiffs believe that the cases meet the criteria for judicial assignment before the same
20 judicial officer under Local Rule 3-12(a)(1) and (2), and request guidance from this Court as to
21 whether such an order should be entered

22                *        *        *

23     Lastly, in the interests of promoting judicial efficiency and comity, Plaintiffs would also
24 like to alert the Court to another case which they believe is related to all three cases at issue
25 herein: *Sanchez v. City of San Jose*, Case No. C06 06331 JW [filed on October 10, 2006, and
26 currently assigned to the Hon. James Ware].
27 //
28

While the Sanchez matter was filed nearly two years ago and is ready for trial setting, Plaintiffs nonetheless wish to alert the Court of the action to the extent the Court deems it relevant to its Local Rule 3-12 determination herein.

DATED: July 30, 2008                    GONZALEZ & LEIGH, LLP


By   /s/ Matt Springman
    MATT SPRINGMAN
    Attorney for Plaintiff
    NATASHA BURTON


**IT IS SO ORDERED:**

The Court has reviewed the motion and finds that the cases are related. The Clerk shall make the appropriate case reassignments. The Court coordinates a Case Management Conference in ALL cases for **October 20, 2008 at 10:00 AM** in Courtroom 8, 4th Floor, San Jose before Hon. James Ware. The parties shall file joint case management statements in each of their respective cases by **October 10, 2008.**

Dated: August 6, 2008                    _____
                                         United States District Court Judge James Ware